WARREN BRADLEY v. THE FORT WAYNE & ELMWOOD RAILWAY COMPANY.

*Street railways—Injury to passenger—Contributory negligence—Question for jury.*

Plaintiff was injured by being thrown from a street car while preparing to alight after signaling the conductor at one of the usual stopping places. The negligence complained of was that the conductor led plaintiff to believe that he was about to stop the car by reaching his hand to the bell rope, and, in reliance upon his action, plaintiff put himself in a position to step safely off, which he could have done had the car stopped, but the conductor wrongfully neglected to stop the car, whereby plaintiff, by a *sudden jerk*, was thrown off and injured. There was

| | |
|---|---|
| 94 | 35 |
| 99 | 190 |
| 94 | 35 |
| 110 | 495 |
| 94 | 35 |
| e135 | 29 |
| 94 | 35 |
| 137 | 233 |
| 94 | 35 |
| 139 | 174 |
| 94 | 35 |
| f143 | 449 |
| 94 | 35 |
| d147 | 174 |
| 94 | 35 |
| f158 | 674 |

no evidence to show what caused the sudden jerk which threw plaintiff off. And it is held:

*a*—The question of plaintiff's contributory negligence was properly left to the jury; but—

*b*—It is not made to appear by affirmative testimony that the street-car company neglected any duty, except to stop when first signaled by plaintiff, which neglect does not appear to have caused the injury, but rather the sudden jerk, the cause of which is not shown.

Error to Wayne. (Brevoort, J.) Argued October 13, 1892. Decided December 22, 1892.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor*, for appellant.

*S. E. Engle*, for plaintiff.

Long, J. Plaintiff entered one of defendant's cars at Griswold street on June 16, 1888. It was an open car, going west, and plaintiff intended to get off between Eighteenth and Nineteenth streets. When getting ready to alight he claims to have been thrown off by the sudden starting of the horses, and injured. He had judgment for $300.

His claim upon the trial was that he took a seat about midway of the car, facing forward. When nearing the place where he intended to alight, he signaled the conductor to stop. The conductor at this time was at the rear end of the car. The plaintiff says that he saw the conductor put his hand upon the bell rope, and supposed from this motion that he was going to stop the car; that the conductor saw him signal to have the car stopped. The plaintiff then prepared to get off, went to the side of the car, took his satchel and placed it upon the seat, resting his left hand upon it, and with his right hand grasped one of the standards. His right foot was upon the floor

of the car, his left upon the platform. Seeing that the conductor did not stop the car, he let go with his right hand to again signal him to stop, and before he could get hold of the standard again, by some sudden motion of the car, he was thrown off and injured. The testimony does not show what caused the motion which threw him off, as he says he does not know whether the driver struck the horses with the whip or lines, or that he struck them at all.

The negligence complained of is that the conductor led the plaintiff to believe that he was about to stop the car by reaching his hand to the bell rope, and the plaintiff, relying upon the conductor to do this, put himself in a position to step safely off, which he could have done had the car stopped; that the conductor wrongfully failed and neglected to stop the car, whereby the plaintiff, by a sudden jerk, was thrown off and injured. ·

It is contended upon the part of the defendant that the declaration does not state a cause of action, because—

1. It does not show negligence on the part of defendant's agents.

2. It does show that the plaintiff was guilty of contributory negligence.

The court submitted both of these questions to the jury by saying:

" After reviewing all this testimony, if you believe this man was hurt from the negligence of the defendant, and that he was not negligent himself in getting off from the car while in motion, and you think he is entitled to damages, then you are to say, under the circumstances, what damages."

Counsel for defendant contend that under the most favorable view of the plaintiff's testimony there was nothing to go to the jury upon either of these points; that the testimony did not make a case. The declaration was not demurred to, nor was objection made to the intro-

duction of the testimony under it, but at the close of the trial defendant's counsel asked the court to direct a verdict for the defendant.

It was admitted upon the argument here that this was one of the usual stopping places of these cars between Eighteenth and Nineteenth streets, where plaintiff on that day intended to get off; and undoubtedly he expected that the conductor would ring his bell, calling the driver to a stop, when signaled. We cannot say as matter of law that it was negligence for the plaintiff to put himself in the position in which he was when thrown off, or that, under the circumstances, he was negligent in letting go of the standard to again signal the car to stop, as he was steadying himself with his left hand. The question of his contributory negligence was properly submitted to the jury.

The question of defendant's negligence is not so clear. The burden was upon the plaintiff to show it. If his testimony is true, he was led to believe that the conductor was about to stop the car. He did not attempt to step down while the car was in motion; but the difficulty is that there is nothing in the case showing or tending to show to the jury just what caused him to fall off. It may have been a sudden jolting of the cars, for which the conductor or driver was in no manner responsible; at least, it is not made to appear by any affirmative testimony that the defendant company neglected any duty, except to stop when first signaled; and it does not appear that that caused the injury, but, upon the plaintiff's own theory, it was a sudden jerk,—from what cause no one pretends to know. We think there was no evidence to go to the jury on this point.

The verdict and judgment must be reversed, with costs, and a new trial granted.

McGRATH, C. J., and DURAND, J., concurred. GRANT and MONTGOMERY, JJ., concurred in the result.