HENNESSY v. MUSKEGON TRACTION & LIGHTING CO.

STREET RAILWAYS—INJURY TO PASSENGER—NEGLIGENCE—DIREC-
TIONS OF CONDUCTOR—QUESTION FOR JURY.

The question of the negligence of a street-car conductor in
directing a passenger to go upon the rear platform while the
car was still in motion is ordinarily for the jury.

Error to Muskegon; Russell, J. Submitted October 9,
1903. (Docket No. 29.) Decided November 9, 1903.

Case by Mary Hennessy against the Muskegon Trac-
tion & Lighting Company for personal injuries. From a
judgment for defendant on verdict directed by the court,
plaintiff brings error. Reversed.

*Turner & Turner* and *Cross, Lovelace & Ross*, for
appellant.

*Smith, Nims, Hoyt & Erwin*, for appellee.

HOOKER, C. J. In this cause there is evidence tending
to show that the plaintiff, a married woman, was riding
on a street car in Muskegon on her way to the depot. As
it approached or passed the place where it was customary
to stop cars for passengers going to the depot, she told the
conductor that she wanted to get off at the depot, and he
rang the gong, and then motioned her to the rear door.
She testified also that: "He rang the bell, and told me
to go on, motioned to the door;" and again: "He rang
the bell, motioned toward the door, and told me to go on.
I went out on the platform, and stood there waiting for
the car to stop. The car was slowing down then." She
testified further that, while she stood there, the car gave a
sudden jerk, and she was thrown on the pavement.

This cause is clearly within the rule laid down in the
cases of *Bradley* v. *Railway Co.*, 94 Mich. 35 (53 N. W.

915), and *Etson* v. *Railway Co.*, 110 Mich. 494 (68 N. W. 298), unless the fact that the conductor motioned toward the door and told her to go on while the car was in motion distinguishes it, and justifies the conclusion that this was negligence, or that permitting the car to jerk would be negligence under these circumstances, when it would not ordinarily be so, as held in those cases. There is nothing in the testimony justifying a conclusion that the jerk was due to negligence on the part of the motorman. The negligence of the defendant, if there was any, consisted in the act of the conductor in directing the plaintiff to get up and go on while the car was in motion. The conductor is in charge of his car, and his directions are usually followed by passengers. It would not be reasonable to require passengers to lightly disregard them, and they may reasonably believe that it will not be imprudent for them to follow them. We are not willing to say that such a direction as this is negligence in all cases, or that it might not be in others. Certainly a conductor who should send a child or a decrepit or weakly or drunken person to the platform while the car is in motion would be open to criticism, and a jury might, under some circumstances, be bound to find such an act negligence. Ordinarily, it is a question of fact to be left to the jury, and this should have been done in this case.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.