ANTON JELINEK, APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED OCTOBER 16, 1915. No. 18300.

1. **Street Railways: INJURY TO PASSENGER: NEGLIGENCE.** It is not negligence *per se* for a street car passenger to take a position with one foot on the steps of the car, with one hand holding onto the handrail, and one foot swinging in the air preparatory to alighting at his place of destination.

2. ——: ——: ——: **ASSUMPTION OF RISKS.** But, in taking such a position, the passenger assumes the risks incident to the careful, ordinary and necessary operation of the car.

3. ——: ——: ——: **BURDEN OF PROOF.** If, under such circumstances, the passenger is injured by slipping from the steps while the car is in motion and before it reaches its usual stopping place,

he must prove that his slipping from the steps was occasioned by the negligent operation of the car, which was the proximate cause of his injury.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Reversed.*

*John L. Webster, W. J. Connell* and *W. R. King,* for appellant.

*Weaver & Giller, contra.*

BARNES, J.

Action to recover damages for personal injuries alleged to have been caused plaintiff by the negligence of the defendant street car company. On the trial in the district court for Douglas county the plaintiff had the verdict and judgment, and the defendant has appealed.

It appears that plaintiff, on the morning of January 24, 1911, met with an accident in alighting from one of defendant's cars, west-bound on Cuming street, in the city of Omaha, at a point between Twenty-first and Twenty-second streets. It was alleged in plaintiff's petition, in substance, that he had proceeded to the car steps to be ready to get off; that the car did not come to a stop; that he asked the conductor if he should get off; the conductor told him to get off, and at that time the car took a sudden lurch forward, which caused plaintiff's foot to slip off the car steps to the pavement; that he took several steps while holding onto the handrail of the car, and thereupon the conductor grabbed hold of his arm and again told him to get off the car; that the speed of the car and the action of the conductor caused him to lose his hold and fall to the pavement, which fall resulted in the injuries of which he complained.

Defendant, by its answer, denied that at the time and place described in plaintiff's petition there was any unusual movement of its car, denied that the conductor told plaintiff to get off the car, or in any way indicated to him that he should alight before the car stopped, and denied that the conductor jerked the plaintiff's arm or loosened

his hold on the handrail of the car. The answer also alleged, in substance, that, when the car on which plaintiff was riding reached the point about the center of the block between Twenty-first and Twenty-second streets while going west on Cuming street, the conductor gave a signal to the motorman to stop at the west side of Twenty-second street; that immediately thereafter the plaintiff, who was standing on the rear platform of the car, walked to the edge of the platform and stepped down upon the steps of the car; that defendant's conductor warned plaintiff not to alight until the car should stop; that before the car reached Twenty-second street, and while it was running at a rapid rate of speed, plaintiff, disregarding his own safety and the warning of the conductor, negligently and carelessly stepped from the car to the street, and thus sustained the injuries of which he complained, and which were due entirely to his own negligence in stepping from the moving car. The reply was a denial of the allegations of the answer.

The foregoing is the substance of the pleadings on which the cause was tried in the district court.

Among other assignments of error, appellant contends that the evidence was not sufficient, either in law or fact, to sustain a verdict and judgment for the plaintiff. It was conceded that plaintiff, when the accident occurred, was a passenger on defendant's car; that he was unable to talk with the conductor in the Polish, Bohemian or English language. On the trial plaintiff testified, in substance, that he did not talk to the conductor in either of those languages, but told him as best he could: "Mr. Conductor, I would like to have you notify me when I get to Twenty-second and Cuming street." The conductor asked him if he did not know the streets in Omaha, and then said: "Well, go inside, I will let you know when we get to Twenty-second and Cuming." He said: "There ain't very many passengers in the car; there is lots of room. You better go in the car." The question was asked: "What did the conductor do about notifying him for Twenty-second and

98Neb.48

Cuming street?" The conductor opened the door and said: "Come on, here is your street." Plaintiff came out onto the platform, took hold of the handle with his left hand, and with his left foot stepped down onto the step, his right foot being loose in the air ready to step off the car. He then said to the conductor: "Is this place for me? Is this my stopping place?" The conductor said something to him, and a whole lot in English which he couldn't understand, and then said: "Here is the place for you. You better get off here." While the conductor was talking to him, the car gave a sudden lurch and he slipped off. The car kind of jerked him before he got his footing. He still held on with his left hand and got his footing and ran along with the car for 15 or 20 steps. He thought probably the car would stop. He says the conductor walked up to where he was and said, "G— d— it, what is the matter with you? Don't you know any better than that?" and grabbed him by the hand, and his hand slipped off of the handle and he went down, and that is all he knows. On cross-examination he testified that the car gave a jerk and went faster, and that is what caused him to fall off in the first place; that he could not tell whether the car was half way between Twenty-first and Twenty-second street or on Twenty-second street; that he knew it was customary to stop on the far side of the crossing to let passengers off; that he knew where the car *ought* to stop, but did not know where it *would* stop; that he could not tell the speed at which the car was going; that the only thing he heard the conductor say before he went off the car was, "Come on, this is the place for you here;" that was when he was opening the car door; that the conductor did not use the language above quoted until after he got off and was running alongside of the car; that the conductor grabbed him by the hand, but he did not remember what he did; that he could not say whether the conductor pushed him out or tried to pull him in; that he did not touch him until his feet were on the pavement and he was running along; that the last he remembers was that the conductor grabbed him and said: "What the hell is the matter with you?" He

further testified that he did not know whether there was any one on the rear platform or not; that he did not look.

All of the other witnesses to the accident deny that the conductor told the plaintiff to get off, deny that he ran along beside the car, and testify that he stepped off the car while it was running at a speed varying from six to ten miles an hour, and that the plaintiff then and there fell to the pavement.

In rebuttal plaintiff called as witnesses F. H. Moyer and Milton Freeman, who testified that they saw the accident; that they saw plaintiff fall from the car to the street, and the place where they thought he fell. It appears from the testimony of some of the plaintiff's own witnesses that the jerk of the car, of which he complained, was caused by a slight acceleration of speed, amounting to about one mile an hour.

The foregoing is the testimony on which the jury rendered the verdict of which appellant complains. As we understand the record, plaintiff failed to establish any negligence on appellant's part. It must be conceded that plaintiff either alighted or slipped from the step before the car stopped, while it was in rapid motion, and before it reached the far side of Twenty-second street, which was the place of plaintiff's destination. There was no evidence of any unusual motion of the car or of any negligence in its operation. Plaintiff failed to show such an acceleration of speed as would cause him to be jerked off the car step. The fact that the speed was increased at a rate of one mile an hour was not shown to amount to any unusual movement of the car not incident to its careful operation. Plaintiff was unable to say that the act of the conductor in grabbing hold of his arm or coat sleeve broke his hold on the handrail, but stated that he did not know whether the conductor was trying to force him off or pull him onto the car steps. It must be conceded that, in order for plaintiff to recover, it was necessary for him to prove some act of negligence on defendant's part which was the proximate cause of his injury. There are many cases which hold that plaintiff could not excuse himself for

getting off a moving car because of an invitation or command of the conductor, unless it was accompanied by force. In deciding this case it hardly seems necessary to refer to the authorities first cited by appellant. We think it must be conceded that for plaintiff to take a position on the steps of the car preparatory to alighting at his destination was not such negligence *per se* as would defeat a recovery. *Bendekovich v. Omaha & C. B. Street R. Co.,* 80 Neb. 174. However, so far as we are able to ascertain, it has never been held that by so doing the plaintiff did not assume the risks incident to the ordinary and usual operation of the car. If the acceleration of speed complained of by plaintiff was only such as was consistent with a careful operation of defendant's car, plaintiff was not entitled to recover. *Quick v. Wyandotte & D. R. Railway,* 143 Mich. 443; *Bradley v. Ft. Wayne & E. R. Co.,* 94 Mich. 35; *McGann v. Boston E. R. Co.,* 199 Mass. 446; *Ottinger v. Detroit United Railway,* 166 Mich. 106; *Etson v. Ft. Wayne & B. I. R. Co.,* 110 Mich. 494; *Boston E. R. Co. v. Smith,* 168 Fed. 628; *Rhea v. Minneapolis Street R. Co.,* 111 Minn. 271. Plaintiff produced no evidence showing negligence in the operation of the car.

As we view the record, appellant's contention is well founded, and therefore we deem it unnecessary to consider the other assignments of error. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J. I concur in the conclusion, on the ground that the evidence does not sustain the verdict.

FAWCETT and HAMER, JJ., not sitting.