TABAK, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*October 7—October 26, 1915.*

*Street railways: Injury to passenger: Jerking of car in starting: Negligence: Special verdict: Construction: Omissions: Decision by court.*

1. The mere fact that a street car was suddenly jerked when it started, causing a passenger to fall, does not in itself establish negligence in the starting.

2. In an action for injuries to a passenger who fell while going from the platform to the inside of a street car, findings by the jury that the car was suddenly jerked so as to cause such fall and that the jerking was not due to any negligence of the motorman, are construed as showing no more than that the car started with the ordinary jerking of an electric street car in its usual operation.

3. Where counsel for the respective parties were required by the trial court to specify their objections to the questions prepared by the court for a special verdict, but did not call attention to the omission of any controverted matter of fact, any such matter so omitted will be deemed, under sec. 2858*m*, Stats., to have been determined by the court in conformity with its judgment.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This is an action for damages for personal injuries sustained by the plaintiff while a passenger on one of defendant's street cars.

The plaintiff is a married woman thirty-five years of age. The defendant operates electrically propelled street cars in the city of Milwaukee and carries passengers for hire. On April 22, 1914, in the forenoon, the plaintiff with a friend, one Mrs. Cucu, boarded one of defendant's cars which was being operated on Thirty-fifth street. After getting onto the platform of the car and attempting to step into the aisle of the car, and while reaching in her sweater pocket for her transfer, the car started and the plaintiff was thrown to the floor. There is a step leading from the platform into the car, and the plaintiff was thrown across this step in such a way that her omentum was torn so as to necessitate an immediate operation. The plaintiff alleges in her complaint that the car started with a sudden jerk, caused by the negligence of the defendant, and the plaintiff and Mrs. Cucu both testified at the trial that the car did start with a jerk. One Mr. Gaulke, who boarded the car at the same place, testified that there was no jerk, and so did the conductor.

By a special verdict the jury found that the car was suddenly jerked; that the motorman was not negligent in operating the car; that no want of ordinary care on the part of the plaintiff proximately contributed to produce her injury; and assessed plaintiff's damages at $1,500.

An order was entered denying plaintiff's motion for judgment on the verdict and for a new trial and granting defendant's motion for judgment on the verdict. This is an appeal from the judgment in defendant's favor.

For the appellant there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *W. B. Rubin* and *Paul R. Newcomb,* of counsel, and oral argument by *W. B. Rubin.* They cited,

among other cases, *Fitch v. Mason City & C. L. T. Co.* 124 Iowa, 665, 100 N. W. 618; *Smith v. St. Paul City R. Co.* 32 Minn. 1, 18 N. W. 827, 828; *New Jersey R. & T. Co. v. Pollard,* 22 Wall. 341; *O'Callaghan v. Dellwood Park Co.* 242 Ill. 336, 89 N. E. 1005; *Louisville, N. A. & C. R. Co. v. Jones,* 108 Ind. 551, 9 N. E. 476; *St. Louis, I. M. & S. R. Co. v. Holmes,* 96 Ark. 339, 131 S. W. 692; *Consolidated T. Co. v. Thalheimer,* 59 N. J. Law, 474, 37 Atl. 132; *Copeland v. Omaha & C. B. St. R. Co.* (Neb.) 151 N. W. 947; *Irvine v. D., L. & W. R. Co.* 184 Fed. 664, 671; *Lee Line Steamers v. Robinson,* 218 Fed. 559, 563; *Gleeson v. Va. M. R. Co.* 140 U. S. 435, 443, 11 Sup. Ct. 859; *Weber v. C., R. I. & P. R. Co.* (Iowa) 151 N. W. 852; *Harden v. C., M. & St. P. R. Co.* 102 Wis. 213, 78 N. W. 424; *Spencer v. C., M. & St. P. R. Co.* 105 Wis. 311, 313, 81 N. W. 407; *Hopkins v. C., M. & St. P. R. Co.* 128 Wis. 403, 107 N. W. 330; *Otto v. Milwaukee N. R. Co.* 148 Wis. 54, 134 N. W. 157; *Kinziger v. C. & N. W. R. Co.* 156 Wis. 497, 146 N. W. 518; *Hewitt v. Southern Wis. R. Co.* 159 Wis. 309, 150 N. W. 502.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Carl Muskat.*

SIEBECKER, J.    The jury by their special verdict found that the car, when started, was "suddenly jerked," which caused the plaintiff to fall onto the floor of the car while going from the platform to the inside of the car.    The plaintiff described the start of the car as follows: "It started so fast and jerked;" "The car went backward and forward;" "It was fast;" "When I got in the car the car started immediately and it started so suddenly;" "It jerked up and down, and I fell."    Mrs. Cucu, sworn as a witness, testified that she boarded the car with the plaintiff, that plaintiff followed her and was "right behind" her, and that the car "jerked;" that plaintiff fell against her foot; that she was then stepping

in the car when the car started and jerked and the plaintiff fell. A Mr. Gaulke boarded the car at the same time, was ahead of the ladies, and did not observe any jerk or motion of the car before plaintiff fell. The conductor testified that the car had not started when the plaintiff fell, and the motorman states he did not know that plaintiff had fallen until she was removed from the car. The jury found that the jerking of the car was not due to any negligence of the motorman. The court held that the finding of the jury that plaintiff's fall was caused by a sudden jerk of the car did not, under the facts and circumstances shown, justify the inference that defendant was guilty of negligence in starting the car. The court construed the finding in question 1 of the verdict as showing no more than that the car started with the ordinary jerking of an electric street car in its usual operation. We are of the opinion that this conclusion of the trial court was correct. The fact that the car suddenly jerked when it started does not in itself establish negligence. *McGann v. Boston E. R. Co.* 199 Mass. 446, 85 N. E. 570; *Boston E. R. Co. v. Smith,* 168 Fed. 628; *Bradley v. Ft. W. & E. R. Co.* 94 Mich. 35, 53 N. W. 915; *Otto v. M. N. R. Co.* 148 Wis. 54, 134 N. W. 157.

It is contended that under this ruling of the court in construing the effect of the verdict it was error not to grant plaintiff a new trial upon the ground that the special verdict as construed by the court made it an incomplete verdict. At the time the case was submitted to the jury upon the special verdict rendered, counsel for the respective parties were required by the court to specify their objections to the verdict as prepared by the court and no controverted matter of fact was brought to the attention of the court as omitted from the verdict. Under this state of the record the provision of sec. 2858*m,* Stats. 1913, controls, and it must be considered that any omitted controverted matter of fact not included in the verdict was determined by the court in conformity with the

judgment. The record, however, discloses that the court determined the issues of negligence upon the evidence before it. In the written memorandum decision of the court on the motion for a new trial the court states:

"The evidence discloses that at the time the car was jerked the plaintiff was going from the platform to the inside of the car proper. She was standing apparently in a safe place. The mere fact that while she was in that position there was a sudden jerk of such car as caused her to be thrown, does not in and of itself entitle her to recover. Negligence in some respect on the part of the defendant, or for which the defendant is chargeable, must also be affirmatively established. (Citing.) The jury has expressly found that there was no negligence on the part of the motorman in operating the car. There is no evidence that there was any defect in the car or the tracks."

This is a determination of the questions not included in the verdict and the record sustains the conclusions of the court. There is no reversible error shown by the record.

*By the Court.*—The judgment appealed from is affirmed.