**William R. BROWN, d/b/a Brown's Custom Shop, Appellee,**

v.

**CITY OF KINGSPORT, Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 12, 1986.

On Rehearing April 1, 1986.

Application for Permission to Appeal Denied by Supreme Court June 2, 1986.

Joseph E. May, David W. Blankenship, Kingsport, for appellant.

Jackson C. Raulston, Kingsport, for appellee.

## OPINION

PARROTT, Presiding Judge.

This action was brought by William R. Brown, d/b/a Brown's Custom Shop, alleging the City of Kingsport negligently dumped two loads of dirt on adjacent property owned by Charlie Neal. As a result of the dirt the surface water was diverted, flooding plaintiff's floor covering business and doing severe damage to the inventory. The circuit judge, sitting without a jury, found the City of Kingsport acted negligently and entered a judgment in favor of Brown and against the City in the amount of $110,000.00.

The gist of the City of Kingsport's appeal is: there is no evidence to support a finding of negligence or that the City's act was one of the proximate causes of the injury and damages.

The proof shows that on or about January, 1982, at the request of Charlie Neal, the city manager caused to be dumped two or three loads of dirt at the rear of the Neal property which is adjacent to the plaintiff's property. Charlie Neal hired people to spread out the dirt which had the effect of creating a berm or barrier by diverting the water onto plaintiff's property. The natural flow of the water is down an alley at the rear of the Neal and Brown properties. In the alley is a drainage system which runs underground. The proof further shows that the plaintiff's property had not been flooded in 34 years but that on May 29 and June 19, 1984, the property did suffer flooding. The June 19 rain was only 0.15 inch and the May rain was 0.75 inch. The expert proof shows that the underground drainage system was capable of carrying surface water from these rains unless the grates had become clogged or blocked by debris. Although there is proof, at the time of the rains, neither of the drains was clogged, there was the testimony of Dr. Bruce Tschantz that it was his conclusion that for the flooding to occur, there had to be a blockage of the drain. Further, Dr. Tschantz testified that he did not think the dumping of two or three loads of dirt on the property would cause the flooding of Brown's property. It was his opinion that blockage of the drainage system and the spreading of the dirt which acted as a berm or barrier effect was the sole and proximate cause of the flood.

■ The law is clear that upper riparian owners have a legal duty of due care not to interfere with the natural surface water runoff which would expose others to an unreasonable risk of harm. *Blackwell v. Butler*, 582 S.W.2d 760 (Tenn.App.1978). It has long been held that in order to establish recovery in an action for injury, the plaintiff must show not only that the defendant was guilty of negligence but that such negligence was one of the proximate causes of the injuries complained of. *Chattanooga Life & Power v. Hodges*, 109 Tenn. 331, 70 S.W. 616 (1902).

■ We agree with the City of Kingsport that in this case there has not been a showing of negligence nor has it been shown that the dumping of the dirt was one of the proximate causes of plaintiff's injuries and damages. We think it logical to find that Mr. Neal's spreading of the dirt was an intervening act which produced the flooding and damages. Prosser on Torts, § 49, 1955 ed., states:

An intervening cause is one which comes into active operation in producing the result after the actor's negligent act or omission has occurred.

The defendant ordinarily will not be relieved of liability by an intervening cause which could reasonably have been foreseen, nor by one which is a normal incident of the risk created.

The defendant will ordinarily be relieved of liability by an unforeseeable and abnormal intervening cause which produces a result which could not have been foreseen.

The City of Kingsport's dumping the dirt on the Neal property was not a negligent act nor was the dumping one of the proximate causes of the injury suffered by the plaintiff. At most, the City of Kingsport created a condition but such condition was not the proximate cause of the injury and damages.

Thus, it results, in the absence of any finding of negligence or proximate cause, the judgment as entered must be reversed and vacated. Let the costs be taxed to the City of Kingsport and the plaintiff's suit dismissed.

GODDARD and FRANKS, JJ., concur.

### ON PETITION TO REHEAR

Plaintiff below has filed a petition to rehear. The gist of the petition is that the City should have known that it was foreseeable and it should have been anticipated that after the dumping of the dirt, the property owner would spread the dirt. Thus, the City would remain liable for its negligent act.

We do not agree with this contention because the landowner, of his own accord, spread the dirt creating a berm which diverted the water onto the adjacent property. Thus, it was the action of the landowner which caused the property to be damaged and not the City's dumping of the dirt.

The Petitioner also has filed a Rule 14 motion asking that we consider post-judgment facts, namely, a suit commenced by City of Kingsport against Charles R. Neal, seeking contribution or indemnity for the judgment rendered in this cause. We do not believe the facts sought to be placed in the record are germane to the present suit. The motion is accordingly denied.

Costs incident to the petition to rehear and the motion are adjudged against the Appellee.