ETSON *v.* FORT WAYNE & BELLE ISLE RAILWAY CO.

1. STREET RAILWAYS — INJURY TO PASSENGER — NEGLIGENCE — EVIDENCE.

   Evidence that a passenger upon an electric car was thrown from the platform, where he was standing preparatory to alighting at the cross-walk a few feet ahead, by a sudden jerk of the car, for which the company is not shown to have been in any way responsible, is insufficient to warrant a recovery against the company for the injuries sustained.

2. SAME.

   Nor would the company be responsible in such case even if it were established that the accident was caused by a sudden acceleration of the speed of the car, due to the application of power, or the removal of the brake, to enable the car to reach the usual stopping place.

Error to Wayne; Hosmer, J.   Submitted June 4, 1896. Decided July 31, 1896.

Case by Frank D. Etson against the Fort Wayne & Belle Isle Railway Company for personal injuries.   From a judgment for plaintiff, defendant brings error.   Reversed.

*Conely & Taylor*, for appellant.

*William Stacey*, for appellee.

HOOKER, J.   The only question raised by this record is whether the court erred in refusing to direct a verdict for the defendant.   The plaintiff testified that the person in charge of the defendant's street car informed him that he had reached his destination, Fourteenth street, shortly before the car reached the first crossing.   He thereupon went upon the rear platform of the car, and took hold of the brass handle on the side of the car, to be in readiness

to alight when the car should come to a full stop. The car had nearly stopped, at a point midway between the two crossings, when, without warning, ''it gave a sudden jerk, and went ahead again,'' and he was thrown from the platform, and run over by the trailer attached to his car.

The defendant claims that there was nothing to show that the jerk of the car was not occasioned by some cause for which the defendant was not to blame, as in the case of *Bradley* v. *Railway Co.*, 94 Mich. 35. That case held that one thrown from a car by a sudden jerk must produce evidence tending to show that such sudden jerk or motion was due to the negligence of the defendant. The court said:

''The difficulty is that there is nothing in the case showing, or tending to show, to the jury, just what caused him to fall off. It may have been a sudden jolting of the cars, for which the conductor or driver was in no manner responsible. At least, it is not made to appear by any affirmative testimony that the defendant company neglected any duty, except to stop when first signaled; and it does not appear that that caused the injury, but, upon the plaintiff's own theory, it was a sudden jerk, from what cause no one pretends to know. We think there was no evidence to go to the jury on this point.''

The same might be said here with equal propriety. The only testimony supporting plaintiff's theory of the case is his own, and is that—

''He checked the motor,—checked down. The car was almost at a standstill. I got up and went onto the step between the trailer and motor, and with my right hand I took hold of this brass rod that is there, and was hanging there for a minute, thinking it would stop altogether; and it gave a sudden jerk, and went ahead again, and throwed me under. I did not know a thing after that. I knew the car went over me. I felt the pain, and I hollered, and then I lost consciousness.''

On cross-examination he said:

"At the time of this sudden jerk I was standing on the top step. The car was about midway between the first and second crossing. I do not know where I was picked up. I am sure that that is where that jerk occurred."

The plaintiff had hold of the brass handle when the jerk came.

Unless we are to say that the fact that the motive power was electricity, instead of horses, warrants the application of a different rule, the cases are identical. We are at a loss for a good reason for so holding. The jerk might as easily be caused by a jolt, or taking off brakes, in the one case as the other; and there is as much room for the presumption that it was not, in this case, as in that. Again, if we could assume that the car was started suddenly by the application of power, or the removal of the brake, there is nothing to indicate an improper use of either. The car was not at a proper place to stop, but had nearly stopped. To propel it to the usual stopping place beyond the second walk (if such was the regulation), the application of power, or the removal of the brake, was necessary,—possibly both. It is a natural law that inertia is not instantly overcome, and that a start, or accelerated motion, tends to throw down one riding on a car. We cannot say that it was negligent for the plaintiff to step upon the platform at the time he did, because it is a daily occurrence and the usual practice for people to do so; but, on the other hand, if it were not negligence for him to be there when the car was in motion, it is difficult to see how it could be negligence on the part of the company to run its car to the usual stopping place, although he was upon the platform. The car had a guard in the rear, and a handle on the edge, and ordinarily a person is reasonably safe when upon the platform. At all events, it would be unjust to hold that, by venturing upon the platform when the car is in motion, the passenger can impose upon the company the obligation of instantly stopping, or not accelerating the motion of, the car.

We think the judgment erroneous, and it is therefore reversed.

A new trial is ordered.

LONG, C. J., and GRANT, J., concurred with HOOKER, J.

MONTGOMERY, J. I concur in the result reached by Mr. Justice HOOKER in this case, upon the ground that the starting of the car, which it is claimed caused the plaintiff to fall from the platform, was not improper, and was not negligent, under the circumstances. The car had not yet reached its stopping place at the time the plaintiff took his position on the platform, and the mere acceleration of the speed of the car, by applying electricity, when it was discovered to be necessary in order to reach the usual stopping place before the car should come to a full stop, was not, in my judgment, negligence.

MOORE, J., concurred with MONTGOMERY, J.