ETSON *v.* FORT WAYNE & BELLE ISLE RAILWAY CO.

STREET RAILWAYS—ELECTRIC CARS—INEXPERIENCED MOTORMAN—
APPLYING BRAKES—NEGLIGENCE—QUESTION FOR JURY.

> In an action against a street-railway company for injuries sus-
> tained by a passenger who was thrown from the platform of
> an electric car by a sudden jolt due to the motorman's losing
> control of the brake, which he had released for the purpose
> of getting a new hold, relying upon the dog, which he erro-
> neously supposed to be caught in the notches of the brake
> rod, to hold it in place, it was a question for the jury whether
> the occurrence was a pure accident, or was due to a lack of
> skill on the part of the motorman, who was without experi-
> ence.

Error to Wayne; Hosmer, J.    Submitted October 5,
1897.    Decided October 25, 1897.

Case by Frank D. Etson against the Fort Wayne &
Belle Isle Railway Company for personal injuries.    From
a judgment for plaintiff, defendant brings error.    Af-
firmed.

*Conely & Taylor*, for appellant.

*William Stacey*, for appellee.

MONTGOMERY, J.    This case was before the court at a
former term, and the decision is reported in 110 Mich.
494.    The plaintiff claimed to have been injured by being
thrown from a car by an unnecessarily sudden jerk or
starting.    At the former hearing, it was held that there
was no evidence to show that the jerk of the car was not
occasioned by some cause for which the defendant was
not to blame.    The declaration was amended by charging
negligence in employing a careless, reckless, and incom-
petent motorman, who left his post of duty, and allowed
an inexperienced and incompetent man to operate the

motor, who, by reason of his inexperience and incompetency, lost control of the car, etc. Upon this amended declaration, the plaintiff again recovered a verdict, and defendant brings error.

It is conceded that there is testimony tending to show that Lockwood, who was operating the motor at the time of the accident, was without experience; but it is justly said that, if Lockwood did in fact operate the motor in a skillful and proper manner in this instance, plaintiff is in no position to complain because of his incompetency. The converse of this is equally true in this case, as it appears that the rules of the company forbade the motorman intrusting the car to any one not authorized by the superintendent to run it, and it appears that the man Lockwook was not so authorized, and was without experience. Lockwood's testimony was as follows:

"When I was stopping at Fourteenth street, I had difficulty in stopping the car. In turning up the brake, the brake slipped out of my hand. This caused the car to give a jerk, and go ahead again."

He also says:

"I tried to turn the brake, and I turned—I was left-handed, and, after I had turned it all off, I saw it was not going to stop the car, and I was going to take hold with both hands, and in turning the 'dog'—I think that is what they call it, that catches the notches in the brake rod—in some way I did not get that turned, and I was relying on that to hold the brake until I got a new hold, but, instead of that, I lost it,—lost control of it.

"*Q.* That is what caused the brake to slip, then, because you didn't set the dog?

"*A.* I didn't set that dog, and I thought that it was."

Counsel for defendant contend that this testimony shows that Lockwood was not guilty of any negligence at the time; that he did all that could be done to stop the car; that in setting the dog, in order to get a new hold with his hand, he did exactly as a competent and experienced man would do; that the reason of the slipping was that the dog was not in fact set, but Lockwood thought it

was.  He attempted to set it, and, if he had succeeded, no slipping would have occurred.  Counsel say the case resolves itself into this proposition:  "Was it Lockwood's duty to *know* that the dog was set?  *  *  *  No claim is made that the dog was not in good order.  It happened that the dog did not catch in this instance.  This would not be likely to happen frequently.  It would be as likely to happen to a competent man as any other.  It is one of the necessary incidents to the operation of the machinery.  It is not the result of negligence, but pure accident."

We are not prepared to hold, as matter of law, that what occurred was pure accident, or that it would have been as likely to happen to a competent man as any other.  The jury might well have found that it was negligent to let go of the brake without knowing whether the dog was set, and they might well have found that a competent man, accustomed to the use of the brake, might readily have ascertained whether the dog was set or not, and would not have neglected this precaution.  It would be strange, indeed, if those in charge of motors, who have had abundant experience, are unable to tell whether a brake is or is not set until after the result, which may be most serious to others, has demonstrated the fact.  If this is true in fact, we do not take judicial notice of it.

Judgment affirmed.

The other Justices concurred.