139   173
f143  1449

| 139  173
d147  1174

139   173
f154   422

CONROY *v.* DETROIT UNITED RAILWAY.

CARRIERS—INJURIES TO PASSENGERS—STREET RAILROADS—SUDDEN
JERKS—EVIDENCE.

Where plaintiff, a passenger on an open street car, arose as the
car was approaching his destination, and stood with one foot
on the platform and the other on the car step, with his hand
on the rail, and, as the car stopped with a sudden jerk, he
was thrown to the ground and injured, he was not entitled to
recover, in the absence of evidence as to the cause of the
jerk.

ON MOTION FOR REHEARING.

CARRIERS—INJURIES TO PASSENGERS—STREET RAILROADS—SUDDEN
JERKS—EVIDENCE—SUFFICIENCY.

In an action against a street-railway company for injuries to a
passenger caused by the stopping of the car by a sudden jerk,
testimony that the jerk was caused by the sudden application
of the brake, from witnesses who failed to testify that they
saw the motorman apply the brake, but inferred the cause
from what happened, was insufficient to show the cause of
the jerk, or that the application of the brake was negligently
made.

Error to Wayne;   Donovan, J.   Submitted January
19, 1905.   (Docket No. 88.)   Decided February 27, 1905.
Rehearing denied July 21, 1905.

Case by Joseph Conroy against the Detroit United Rail-
way for personal injuries.   There was judgment for defend-
ant on a verdict directed by the court, and plaintiff brings
error.   Affirmed.

Plaintiff, a resident of Detroit, was returning to his
home one evening about 10 o'clock on a car of the defend-
ant.   He had informed the conductor where he desired to
alight.   The car was an open one, with seats running
across, and steps on each side.   When near the middle of
the block, the signal, by ringing the bell, was given by

the conductor for a stop at the next cross street, where plaintiff was to alight. Immediately upon ringing the bell, the plaintiff arose, went to the edge of the car, put one foot on the step, the other on the platform, and his hand on the rail. While in that position there was a sudden jerk of the car, which plaintiff claims threw him from the car, in consequence of which he received an injury. The court directed a verdict for the defendant.

*Lehmann & Riggs*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

GRANT, J. The circuit judge, in directing a verdict, held that the case was ruled by *Etson* v. *Railway Co.*, 110 Mich. 494, as no one pretended to know what was the cause of the jerk which caused the plaintiff's fall. The ruling was correct. See, also, *Bradley* v. *Railway Co.*, 94 Mich. 35. The cause of the jerk in this case is as problematical as it was in either of those above cited. It is common knowledge that, in order to serve the public, street cars must be started and stopped with some celerity, the tendency of which is to throw one when standing. It was entirely unnecessary for the plaintiff to leave his seat, and stand with one foot upon the running board, when the car was running at full speed, He had ample time to arise and alight after the car stopped. Whether this action on his part was negligence, we find it unnecessary to determine.

Judgment affirmed.

MCALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM. A rehearing is asked in this case mainly because the court erred in holding that the cause of the jerk which caused the plaintiff to fall was as problematical as it was in the case of *Etson* v. *Railway Co.*, 110 Mich. 494. In that case the car had nearly stopped between the two crossings, then gave a sudden jerk, and suddenly

went ahead again, in consequence of which plaintiff was thrown from the platform. The only difference between the two cases is that one was a jerk after the car had nearly stopped, the other was a jerk when the car was being stopped for the next crossing. If it may fairly be inferred that the jerk was caused by the application of the brake, it might have been inferred in the other case that it was caused by the removal of the brake and the application of the electric current. In either case it is not evidence of negligence, for the reasons stated in the opinion in the *Etson Case*, and also in the opinion in this case.

The witness Woodworth, on whose testimony counsel for plaintiff mainly relies for the statement that the jerk was caused by the sudden application of the brakes, did not testify that he saw the motorman apply the brake; and, from his sitting position in the rear of the car, it is very doubtful if he could. On his cross-examination he testified that he did not see the motorman reverse the car.

" I do not know whether he did reverse it or not.

"*Q.* So that on this car you had a jolt when it was reversed ?

"*A.* It might have been; yes, sir."

Plaintiff testified that the car had slackened a little when he put his foot down, and that, when the motorman put on the brake full force, "the car raised off the track." He did not see the motorman, and evidently could not tell what caused the sudden jerk and raising of the car. He inferred the cause solely from what happened, and not from what he saw. If, however, it be conceded that the car was suddenly stopped by the application of the brake, there is nothing to indicate that it was done in a negligent manner.

Rehearing denied.