BRAUN *v.* GRAND RAPIDS, GRAND HAVEN & MUSKEGON RAILWAY CO.

1. CARRIERS—STREET RAILROADS—INTERURBAN ROADS—ALIGHTING FROM CARS—NEGLIGENCE.

The question of negligence of defendant interurban railway company was for the jury, on testimony showing that plaintiff had left his seat and taken a position on the lower step of the car as the same approached its stopping place, and that the conductor gave a signal to proceed and that the car was started before he had time to alight, and that no notice of intention to accelerate the speed was

given to plaintiff, by the conductor, who saw where plaintiff was standing.

2. SAME—CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES.

In going out on the platform and down on the steps with the apparent consent of the conductor, plaintiff was not chargeable with contributory negligence as a matter of law.

Error to Kent; Davis, J., presiding. Submitted November 12, 1914. (Docket No. 88.) Decided December 19, 1914.

Case by John M. Braun against the Grand Rapids, Grand Haven & Muskegon Railway Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Lombard, Hext & Washburn,* for appellant.

*Carroll, Kirwin & Hollway,* for appellee.

BIRD, J. On the evening of May 12, 1912, plaintiff was a passenger on one of defendant's interurban cars entering Muskegon. The place where he intended to leave the car was at its regular stopping place, at the intersection of Walton and Pine streets. Walton street extends east and west and intersects Pine street at right angles, and the usual stopping place of defendant's cars was on Walton street close to the west line of Pine street. When the car was a block west of Pine street, it began to lessen its speed, and plaintiff left his seat in the car and went out on the platform and down on the last step to be ready to get off when the car stopped. While in this position, with his hands holding the handrails, the car reached its usual stopping place, and when on the point of stopping, the car was suddenly started in response to a signal from the conductor. In starting, the car lurched forward, and, in consequence thereof, plaintiff was thrown to the ground and injured.

When plaintiff had concluded his case, the trial court directed a verdict for the defendant, on the ground that no actionable negligence against the defendant had been shown, and, further, that plaintiff assumed the risk of going onto the platform and steps while the car was in motion. These conclusions of the trial court give rise to two questions:

(1) Was defendant guilty of negligence?

(2) Did plaintiff assume the risk of being injured by going upon the platform and steps while the car was in motion?

1. If plaintiff had been thrown from his position on the step by reason of an acceleration of the car in order to reach its usual stopping place, no recovery could be had, under the rule laid down in *Etson* v. *Railway Co.,* 110 Mich. 494 (68 N. W. 298). If the car had come to a stop at the usual stopping place, and then suddenly started while plaintiff was in the act of alighting, the question of defendant's negligence would have been one for the jury under the rule in *Burke* v. *Electric Co.,* 147 Mich. 172 (110 N. W. 524). In the case at bar, plaintiff was in position to alight, and the conductor was aware of it. After the car had reached its usual stopping place, and had nearly come to a stop, it was suddenly started on signal from the conductor. These circumstances bring the case within the principle of the holding in the *Burke Case.* If it were necessary for any reason to depart from the usual custom of stopping at that point, it was the duty of defendant to warn plaintiff. But it is the contention of defendant that the car was 16 feet away from its usual stopping place when its speed was accelerated, and that it was accelerated for the purpose of driving it to its usual stopping place, and counsel devotes much time in their brief to show that plaintiff's testimony is in accord with that contention. We have examined the testimony of both the plaintiff

and Nellie Voss, the only witnesses who testified upon that subject, and we are persuaded that their testimony was such that the jury would have been justified in finding that the car had already reached its usual stopping place before its speed was accelerated. We are therefore of the opinion that the question of defendant's negligence should have been submitted to the jury.

2. Plaintiff was not necessarily negligent in leaving his seat and going out upon the platform while the car was in motion. *Etson* v. *Railway Co., supra.* His position upon the platform and steps was not an uncommon one. It is a custom indulged in frequently by passengers on such cars as they are nearing their usual stopping places, and plaintiff's going upon the platform on this occasion appears to have had the consent of the conductor, as he stood aside from the doorway to allow him to pass out. Whether plaintiff's conduct in going on the platform increased the hazard, and, if it did, whether that was the proximate cause of his injury, were questions of fact for the jury.

The judgment of the trial court is reversed, and a new trial ordered.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.