## CLIFFORD v. DETROIT UNITED RAILWAY.

1. CARRIERS—STREET RAILWAYS—STARTING CARS—NEGLIGENCE.
   Except in special cases street cars may be started before all the passengers have been seated.

2. SAME—NEGLIGENCE—DIRECTED VERDICT.
   In an action for personal injuries resulting to plaintiff when, while defendant's street car was rounding a curve, soon after starting, plaintiff was thrown against a seat and onto the floor while proceeding down the aisle of

For authorities passing on the question of liability of street railway company for starting car before passenger is seated see notes in 42 L. R. A. 294; 4 L. R. A. (N. S.) 558, and L. R. A. 1915A, 797.

On liability for injuries to passenger inside car for sudden starting or stopping of car or train, see notes in 23 L. R. A. (N. S.) 891.

the car to a seat, without placing his hand on the back
of a seat or otherwise taking precautions to steady him-
self, the trial judge properly directed a verdict for de-
fendant on the ground that no negligence was shown.

Error to Wayne; Des Voignes (L. Burget), J., pre-
siding.   Submitted October 12, 1921.   (Docket No.
106.)   Decided December 21, 1921.   Rehearing de-
nied February 8, 1922.

Case by Alexander Clifford against the Detroit
United Railway for personal injuries.   Judgment for
defendant on a directed verdict.   Plaintiff brings
error.   Affirmed.

*Clarence P. Milligan,* for appellant.

*Corliss, Leete & Moody* and *A. B. Hall,* for appellee.

FELLOWS, J.   Plaintiff boarded a Myrtle line car
of defendant at the corner of Field and Jefferson about
noon.   He was going down town on business and this
was his usual route in making the trip.   He was ac-
companied by his brother-in-law.   The car line here
curves around the corner onto Jefferson, the curve
beginning but a few feet from the starting point.
Plaintiff's brother-in-law preceded him into the car
and was seated in the second seat.   Plaintiff followed
down the aisle without placing his hand on the back
of the seats or otherwise taking precautions to steady
himself, and, while the car was on the curve and be-
fore it had rounded the curve, was thrown against a
seat and onto the floor and was injured.   Plaintiff
says the car was going faster around the curve than
he had ever seen it go before.   At the close of plain-
tiff's case defendant's counsel asked for a directed ver-
dict.   The trial judge intimated quite strongly that
inasmuch as plaintiff was entirely familiar with the
situation, having traveled this route many times, knew

the car would run into a curve immediately after starting, and took no measures to prevent losing his balance, that he was not free from fault, but directed a verdict for defendant on the ground that no negligence was shown on the authority of *Ottinger* v. *Railway*, 166 Mich. 106 (34 L. R. A. [N. S.] 225, Ann. Cas. 1912D, 578).

Unless we are prepared to overrule the *Ottinger Case* the judgment for defendant must be affirmed. We are not, it will be noted, here dealing with an accident which resulted from a car running at high speed on a straight track taking or attempting to take a curve or a switch without slowing down.   Here the car was obliged to round the curve shortly after starting in order to get onto Jefferson.   It is obvious that more power must be applied to round a curve than to go in a straight direction.   Plaintiff was then suffering no infirmity and except in special cases the carrier may start the car before all passengers have been seated.   Street cars start and stop quickly; this is a common incident to their efficient operation, and without it any semblance of rapid transit would be impossible.   As was said by Mr. Justice HOOKER, speaking for the majority of the court in the case cited, after calling attention to the rule as to steam cars:

"There is quite as much justice in the application of the rule to street cars which are usually started as soon as the passengers enter, and in which, for the want of seats, choice, or other reasons, passengers frequently ride standing in the car or on the platform. So common and unavoidable is the overcrowding of street cars that straps are usually provided, and, if these cars could not lawfully be started until all passengers were seated, or if acceleration of and checking speed could not be prompt, the efficiency of such cars would be seriously impaired."

Mr. Justice HOOKER there considers the authorities and it will not be necessary for us to here repeat what

was there said. The trial court correctly held that that case was controlling. We are not disposed to overrule it.

The judgment must be affirmed.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.