KRISS *v.* FIELD.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

Where, in a case tried by the court without a jury, findings of fact and conclusions of law were filed, the question as to whether the findings on which judgment for plaintiff was based are against the great weight of the evidence, being properly raised, must be disposed of, on review, the same as in the case of a verdict of a jury.

2. SAME—FINDINGS OF COURT NOT AGAINST GREAT WEIGHT OF EVIDENCE—CARRIERS—NEGLIGENCE.

Where, in an action for personal injuries alleged to have

[1]Appeal and Error, 4 C. J. § 2857; [2]Id., 4 C. J. § 2857; Carriers, 10 C. J. § 1450.

been caused to a passenger by the negligence of a taxicab driver, there was an irreconcilable conflict between the testimony of the passenger and that of the driver, but the former's testimony was somewhat corroborated by that of other witnesses, it cannot be said, on review, that the findings of the court on which judgment for plaintiff was based are against the great weight of the evidence.

Error to Muskegon; Vanderwerp (John), J. Submitted October 12, 1927. (Docket No. 104.) Decided December 1, 1927.

Case by Mike Kriss against Harry Field, doing business as the Yellow Cab Company, for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Alexis J. Rogoski,* for appellant.

*George S. Lovelace,* for appellee.

SHARPE, C. J. The brief of defendant's counsel so fully complies with the requirement of Supreme Court Rule No. 40 that we quote from it at length:

"On October 24, 1925, the defendant, Harry Field, was engaged in operating taxicabs in the city of Muskegon and its environs. He was a common carrier of passengers. On that date, Mike Kriss hired one of the taxicabs of defendant to transport him to a point on the Bolt highway, in Muskegon county, and return him to the city of Muskegon. On the return trip to Muskegon plaintiff's arm was injured by being forced through one of the windows of the taxicab and cut.

"There is an irreconcilable conflict in the testimony of plaintiff and the driver of the taxicab as to the manner in which plaintiff sustained his injuries.

"Plaintiff's version of the accident, as testified to by him, is as follows:

" 'I think the accident occurred about eight or nine miles out. The road was very slippery with rain and ice, and the driver was going fast; I don't know how many miles. He came in close

to pass a car, too close, and he became between two cars, and he couldn't pass and he swerved his car too close to the gasoline station and turned over his car, turned it in the gasoline station and put the brakes on very hard which forced his car to stop and hit my side and threw me back.    When he put the brake on he threw me against the window which broke the glass and cut me.    We were going back to Muskegon when the accident happened.    There were two cars ahead going down town, and cars going to Grand Rapids, two cars passing them, and he went out to pass, too; he tried to go between two cars.    Then he swerved his car outside the road, and when he saw he could not get through, he put on the emergency brake, and it stopped the car very quick, and it skidded off on the gravel on the side of the road, then skidded back.    The car tipped one way and then the other, and my arm went through the window.    It threw me to the right side and I hit my head and hurt me, but not very much, and then threw me to the left side, threw me ahead, and my hand broke the window; my hand went through the window, and cut my arm.    It cut the cord and the nerve for one finger.    I was treated by a doctor two months.'

"The story of the taxicab driver as to the cause of plaintiff's injuries, as told by him, is as follows:

" 'He was drunk and we got back about a quarter of a mile from there, and he started to move around in the back and I didn't know what he wanted; he took hold of the front seat and started to beat on the glass and motion to turn around, and I went to make a turn in the driveway off the concrete.    I looked both ways to see the road was clear and I had a good chance to turn that way because there wasn't anything in back of the cab, and I turned off the pavement on the gravel and he broke the window hitting on it.    He was hitting on the window with his fist.    He was hitting pretty hard with his hand on the window glass in the cab and he got hurt.    I was close to him that day, and I could smell liquor on him.    When he got me to take him out to this fellow's place, when he came back, he was staggering and went pretty near to sleep on the way out.    I was present when these people fixed his arm, and I told them he had been drinking.    I took him to Dr. LeFevre at the bank building and then to the hospital.    Dr. LeFevre said something about being drunk.    I did not, in bringing my car to a stop, cause this injury.' "

Plaintiff brought this action to recover the damages due to his injury.    The case was tried by the court

without a jury. Findings of fact and conclusions of law were filed, followed by a judgment in favor of plaintiff for $522. Defendant reviews by writ of error.

His counsel insists that the findings on which liability is predicated are against the great weight of the evidence. This question is properly raised and must be disposed of as in review of the verdict of a jury. After carefully reading the testimony, we are impressed that reversal should not be had for this reason. The testimony of the plaintiff is in direct conflict with that of the driver. But the former is at least somewhat corroborated by that of Irving Anderson, the proprietor of a grocery store and filling station near which the accident occurred. He testified:

"I was talking and working about the store when I heard the brakes squeak and I looked up and saw the yellow cab. I saw him put on the brakes. He got off the concrete and hit my gravel and the car wheeled and almost turned over. It made a big slur to the left-hand side and back to the right-hand side and came back on the right and made a turn over to the left. The brakes were on when the car skidded. It skidded about 30 feet. The taxi driver at that time mentioned that the brakes didn't take hold right away."

The driver's claim that the plaintiff was intoxicated is disputed, not only by the plaintiff but by both Anderson and his wife. The latter dressed his hand. They both testified that he was not under the influence of liquor at the time; that "he was perfectly sober."

We cannot say that the findings are against the great weight of the evidence.

The judgment is affirmed.

BIRD, FLANNIGAN, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.