## ADELSPERGER *v.* CITY OF DETROIT.

1. TRIAL—DIRECTED VERDICT.

   In determining whether verdict should be directed in favor of defendant, evidence must be viewed most favorably to plaintiff.

2. NEGLIGENCE—PERIL PRODUCED IN PART BY NEGLIGENCE.

   Peril produced in part, at least, by defendant's negligence does not excuse the negligence.

3. CARRIERS—BUSES—NEGLIGENCE—QUESTION FOR JURY.

   In action by bus passenger for personal injuries alleged to have been caused by fall when driver suddenly applied brakes and swerved bus, evidence that bus was being driven at excessive and unlawful speed in attempt to pass automobile, when latter turned at intersection and driver was compelled to apply brakes to prevent collision, presented case for jury, since excessive speed might be found to have causal relation to plaintiff's injuries.

On duty and liability of carrier of passenger for hire by automobile, see annotation in 4 A. L. R. 1500; 31 A. L. R. 1202; 45 A. L. R. 297.

4. DAMAGES—EXCESSIVE VERDICT.

    Verdict of $7,500 for permanent injuries, which was within evidence, may not be disturbed, on review, where there is nothing to show appeals to passion, prejudice, or sympathy, and nothing to show that jury was moved by anything but evidence.

5. EVIDENCE—MORTALITY TABLES.

    Evidence that plaintiff was in good health before accident, and that injuries were permanent, although disputed, warranted admittance in evidence of mortality tables to be used or not by jury according to its conclusion on question of fact.

6. TRIAL—DAMAGES—PRESENT WORTH—INSTRUCTIONS—FURTHER INSTRUCTION SHOULD BE REQUESTED IF DESIRED.

    If counsel desired further instruction regarding damages and present worth, request for same should have been made.

Error to Wayne; Brown (William B.), J., presiding. Submitted June 6, 1929. (Docket No. 88, Calendar No. 34,280.) Decided December 3, 1929.

Case by Cecille Adelsperger against the City of Detroit and others for personal injuries. Judgment for plaintiff. Defendants bring error. Affirmed.

*Lodge & Brown,* for plaintiff.

*Clarence E. Wilcox,* Corporation Counsel, and *Peter J. Drexelius* and *Wm. J. McBrearty,* for defendants.

CLARK, J. The jury found that plaintiff's personal injuries were caused proximately by negligence of defendant city, and assessed damages at $7,500. Defendant brings error and presents many questions, all of which have been considered, some of which will be discussed.

1. The chief contention is that verdict ought to have been directed for defendant on the ground that there was no evidence of negligence on its part. On this question the evidence must be viewed most fav-

orably to plaintiff. Plaintiff was a passenger for hire in a motor bus of defendant on one of its streets. Seats of the bus were occupied and plaintiff was standing, holding a hand-rail above. Overtaking a Ford car, the driver of the bus sought to pass and was not accommodated. Continuing his effort to pass for nearly three blocks, the driver became angry. There is evidence that the bus moved at excessive and unlawful speed, 30 to 35 miles per hour; that it swayed; that it was very close to the Ford car, as close as five feet; that passengers protested and frequently sounded the buzzer; and that a movement of the Ford toward an intersecting street caused the driver of the bus to make sudden application of brakes and a sudden turn of the steering wheel. He testified:

"I knew from the suddenness of my stop and jamming on of both brakes and the suddenness with which I twisted the wheel that if passengers were standing in the aisle, they would possibly be propelled forward or fall or something happen to them, if they were not hanging on."

Plaintiff fell, and there is evidence that she suffered serious and permanent injuries.

Defendant contends that there was here a sudden and unforeseen peril, and that the driver was compelled to do what he did in order to avoid collision, and that therefore there is no negligence, citing *Ottinger* v. *Railway,* 166 Mich. 106 (34 L. R. A. [N. S.] 225, Ann. Cas. 1912 D, 578); *Clifford* v. *Railway,* 216 Mich. 377; and other like cases. In the instant case there is evidence of excessive and unlawful speed, which might be found to have important bearing on the suddenness and violence of the stopping and of the swerving of the bus, and hence a causal relation

to plaintiff's injuries. A peril produced in part, at least, by defendant's negligence does not excuse the negligence. The case was for the jury. See notes, 4 A. L. R. p. 1499; 31 A. L. R. p. 1202; 45 A. L. R. p. 297; 25 N. C. C. A. p. 423; *Kriss* v. *Field,* 241 Mich. 42; *Borski* v. *City of Wakefield,* 239 Mich. 656.

2. It is said the verdict is excessive. When on this ground the court may vacate a judgment or require reduction as a condition of affirmance is fully discussed in *Fishleigh* v. *Railway,* 205 Mich. 145, and in many later cases following the rule there stated. Under such rule, we note that the verdict is within the evidence, and within precedents of similar cases. We find no appeals to passion, prejudice, or sympathy, and nothing, including the verdict itself, to show that the jury was moved by anything but evidence. It is therefore without our province to disturb the judgment in this respect.

3. Plaintiff had evidence that she was in good health before the accident and to the effect that her injuries were permanent. This evidence, though disputed, made it proper to admit the mortality tables in evidence to be used or not by the jury according to its conclusion of the question of fact. *Wilkins* v. *City of Flint,* 128 Mich. 262.

4. It is urged that the court's instructions regarding damages and present worth ought to have been more complete or elaborate. The court did not err, and if counsel desired further instruction it should have been requested.

Other assignments present no reversible error. Judgment affirmed.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.