WATERMAN v. CITY OF DETROIT.

1. CARRIERS—SUDDEN STOPPAGE OF STREETCAR—NEGLIGENCE.
   A passenger on a streetcar cannot recover from the owner thereof for injuries sustained when another passenger lost her balance and fell onto plaintiff as the car was brought to a sudden stop unless there is shown some negligence on the part of defendant's motorman in the operation of the car.
2. SAME—STREETCARS—SPEED—SUDDEN STOPPAGE—NEGLIGENCE—PASSENGERS.
   The fact that defendant's motorman was shown to have operated streetcar at a fast, but not an excessive or illegal, rate of speed after he became aware of presence of automobile on tracks was insufficient to justify finding of negligence in that he failed to decrease speed so as not to be required to bring car to a stop so suddenly in avoiding a collision with the automobile as to cause a standing passenger to lose balance and fall upon plaintiff who was seated.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 8, 1941. (Docket No. 40, Calendar No. 41,295.) Decided March 11, 1941.

Case by Ella Waterman against City of Detroit, department of street railways, for personal injuries sustained when a passenger on the car on which she was riding was thrown against her. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Frank Schwartz,* for plaintiff.

*Rodney Baxter* and *A. Albert Bonczak,* for defendant.

CHANDLER, J. On October 13, 1937, plaintiff was a passenger on one of defendant's streetcars, travel-

---

For definition of negligence and contrast with rule of liability without fault, see 2 Restatement, Torts, § 282 and comment e.

Standard of conduct in an emergency, see 2 Restatement, Torts, § 296 and comment a.

ing in a westerly direction on Fort street in the city of Detroit. The car became crowded, making it necessary that some of the passengers stand in the aisle. She claims that the car was traveling at a fast rate of speed between stops. There was, however, no evidence that the rate of speed was excessive or illegal.

Plaintiff, sitting on a seat along the side of the car, near the front, looked out the front window, her attention being attracted by the ringing of the gong by the motorman. She saw an automobile proceeding on the tracks in the same direction as the streetcar, about one half block ahead. The streetcar overtook the motor vehicle and when within six feet thereof, according to her testimony, it was stopped with a jerk by application of the brakes. The abrupt halt caused a large woman, weighing about 250 pounds, standing in the aisle in front of plaintiff, to lose her balance and fall on plaintiff. As a result thereof, she claims to have sustained personal injuries for which she seeks damages in this action.

At the close of plaintiff's proofs, the trial court directed a verdict for defendant, and judgment was entered accordingly. This appeal followed.

Plaintiff cannot recover unless some negligence is shown on the part of defendant's servant, the motorman, in the operation of the car. We fail to find evidence thereof in the record. The case is indistinguishable from and is controlled by *Etson* v. *Railway Co.*, 110 Mich. 494; *Conroy* v. *Railway*, 139 Mich. 173; *Snyder* v. *Michigan Traction Co.*, 154 Mich. 418; *Ottinger* v. *Railway*, 166 Mich. 106 (34 L. R. A. [N. S.] 225, 3 N. C. C. A. 323, Ann. Cas. 1912D, 578); *Bogart* v. *City of Detroit*, 252 Mich. 534, and *Selman* v. *City of Detroit*, 283 Mich. 413.

Appellant claims the evidence of negligence in the instant case is to be found in the fact that the

motorman continued to run the car at a fast rate of speed after he had become aware of the presence of the automobile on the tracks, and that he should have decreased the speed so that a stop could have been made if necessary in the usual manner without a sudden jerk. Although plaintiff testified that the car was proceeding at a fast rate of speed, there is nothing in the record, as we have stated, that would justify the finding that the speed was excessive or illegal. Certainly it was proper for the streetcar to overtake the automobile, and, after having done so, defendant is not to be charged with negligence if it was brought to a sudden stop to avoid a collision.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.