LONGFELLOW *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—DISAGREEMENT OF JURY—JUDGMENT FOR DEFENDANT—REVIEW OF TESTIMONY.
    On appeal from judgment entered for defendant after disagreement of jury, testimony must 'be reviewed in the light most favorable to plaintiffs (3 Comp. Laws 1929, § 14535).

2. STREET RAILWAYS—SUDDEN STOPPING OR STARTING.
    The mere sudden stopping or starting of a streetcar is not alone sufficient evidence of negligence to take a case to the jury on such issue as such a happening is a usual and ordinary incident to be expected in such transportation.

---

Function of court and jury on issue of contributory negligence, see 2 Restatement, Torts, § 476 and also § 285; their function on question of causation, see § 434.

That the legislature may set a definite standard of conduct, see 2 Restatement, Torts, § 285, and illustration 3, and also for violation of statute as constituting negligence and entailing civil liability, see § 286.

3. AUTOMOBILES—STATUTES—SPEED—NEGLIGENCE PER SE.

Violation of statutory provisions relative to speed of motor coach in business district constitutes negligence *per se* (1 Comp. Laws 1929, § 4697).

4. SAME—CARRIERS—SUDDEN STOPPING—TRAFFIC LIGHT—SPEED— PROXIMATE CAUSE—QUESTION FOR JURY.

In action for damages for personal injuries sustained by passenger of motor bus just before she was to alight therefrom when it was suddenly stopped for a traffic light 32 feet beyond usual stopping place and some 40 feet before reaching bus stop, whether or not negligence of bus driver in exceeding speed limit established by statute and ordinance was proximate cause of passenger's injuries *held*, a question for jury (1 Comp. Laws 1929, § 4697).

5. SAME—CONTRIBUTORY NEGLIGENCE—STANDING NEAR EXIT—QUESTION FOR JURY.

In action by passenger on municipally-owned, negligently operated motor coach for damages for injuries sustained because of sudden stopping for traffic light some 40 feet before bus reached regular stop for which she had given signal, passenger may not be found, as a matter of law, guilty of contributory negligence in leaving her seat, approaching exit with parcel and handbag in left arm and standing at door with right hand grasping post provided therefor.

Appeal from Wayne; Smith (Frank Day), J. Submitted June 4, 1942. (Docket Nos. 42, 43, Calendar Nos. 41,697, 41,698). Decided September 8, 1942.

Separate actions of case by Wilhelmina Longfellow and Albert Longfellow, her husband, against City of Detroit, Department of Street Railways, for damages for personal injuries to plaintiff Wilhelmina Longfellow while riding on defendant's bus and for medical bills, care, and loss of services. Cases consolidated for trial and appeal. Disagreement of jury. Judgments for defendant. Plaintiffs appeal. Reversed and remanded.

*Donovan A. Wright* and *J. Frederick Wilson,* for plaintiffs.

*Leo A. Sullivan* (*Rodney Baxter,* of counsel), for defendant.

CHANDLER, C. J.  Plaintiff, Wilhelmina Longfellow, instituted her action against the defendant to recover damages for injuries received while riding on one of defendant's buses on Grand River avenue in the city of Detroit.  Her action was consolidated with one brought by plaintiff, Albert Longfellow, her husband, to recover for loss of services and medical expenses, and both cases are here for review.

The jury failed to agree, and after being discharged, the trial court entered judgments for defendant under the authority of the provisions of 3 Comp. Laws 1929, § 14535 (Stat. Ann. § 27.1471), and on appeal, we must review the testimony in the light most favorable to plaintiffs.  *Poundstone* v. *Niles Creamery,* 293 Mich. 455.

According to the testimony adduced by plaintiffs, on August 23, 1938, Wilhelmina Longfellow was a passenger on one of defendant's buses proceeding in a northwesterly direction on Grand River avenue. She intended to alight at the bus stop located at the intersection of said avenue with Beverly Court. Immediately after passing Martindale, the first intersecting street south of Beverly Court, she signaled the operator of the bus her desire to get off at the next stop.  She then walked to the front of the vehicle where she stood facing the door on the northeast side of the bus.  She was carrying a parcel under her left arm and a purse in her left hand. With her right hand, she grasped a post installed at the right of the exit.  Standing in this position, she could look out the door to the northeast curb of the street, but could not see out the front of the bus.

In discharging passengers at Beverly Court, the buses cross the intersection and stop at the curb on the northeast corner.

Plaintiff testified that the bus was being driven in the street car tracks in the middle of the street and that prior to approaching Beverly Court it was proceeding at a speed of approximately 35 miles per hour. She stated that after giving the signal to stop and leaving her seat to go to the front of the bus, she "felt" the speed decrease and that at the time it was ready to enter the intersection the speed had been reduced to about 30 miles per hour. She further testified that after the bus had passed the point where pedestrians cross Grand River at the south side of Beverly Court, it came to a sudden stop, without warning, which caused her to lose her grip on the post and threw her against the bus with resulting injuries.

It was demonstrated that the coach stopped at a point 32 feet beyond the place where vehicles usually stop for a red traffic signal at Beverly Court and some 40 feet short of the usual bus stop for passengers wishing to be discharged at this intersection. It was also shown that the accident occurred in a "business district" within the meaning of that term as used in the statutes [*] and the ordinances of the city of Detroit pertaining to the operation of motor vehicles.

After the stop, plaintiff sat down. She could then see out the front of the bus and observed that the traffic control signal showed red against traffic in the direction the bus was traveling. At this time, the driver handed a card to another lady in the bus and asked her to sign it. Plaintiff testified that the passenger declined to sign, stating, "I don't want to sign, * * * after all, you had to stop for the light."

---

[*] See 1 Comp. Laws 1929, § 4693 (Stat. Ann. § 9.1561).—REPORTER.

The bus then proceeded to the regular stop and plaintiff alighted.

On appeal, appellants urge that the trial court erred in entering judgments for defendant, claiming that jury questions were presented as to defendant's negligence, plaintiff's contributory negligence, and as to whether defendant's negligence, if any, was the proximate cause of the injuries.

Plaintiffs cite *Adelsperger* v. *City of Detroit,* 248 Mich. 399, wherein it was held that the facts presented a question for the jury as to defendant's negligence. On the other hand, defendant cites *Bogart* v. *City of Detroit,* 252 Mich. 534, in support of its claim that there was no evidence of negligence on behalf of the driver of the bus.

The *Bogart Case* was preceded by a line of so-called "jerk cases," including *Ottinger* v. *Railway,* 166 Mich. 106 (34 L. R. A. [N. S.] 225, Ann. Cas. 1912D, 578, 3 N. C. C. A. 323), which need not again be reviewed. In substance, they hold that the mere sudden stopping or starting of a street car is not alone sufficient evidence of negligence to take a case to the jury and that such happenings are the usual and ordinary incidents to be expected in this type of transportation.

However, it is our opinion that this case is not controlled by the foregoing type of authority. Defendant's motor coach was being operated in a business district at a rate of speed in excess of that permitted by the statutory provisions (1 Comp. Laws 1929, § 4697 [Stat. Ann. § 9.1565]) and the ordinances of the city of Detroit. Violation of the statutory provision was negligence *per se. Dedo* v. *Skinner,* 296 Mich. 299.

The record contains no clear and positive evidence as to the cause of the sudden stop beyond the suggestion that it was because of a red traffic signal.

Whatever the cause, plaintiff might not have been injured had the operator been in the exercise of due care and driving the bus at a legal rate of speed. It was for the jury to determine under the facts presented as to whether the negligence of defendant's driver was the proximate cause of plaintiff's injuries. See *Adelsperger* v. *City of Detroit, supra,* where we said that the evidence of excessive and unlawful speed might have been found to have an important bearing on the sudden stopping of the bus and hence the proximate cause of the injuries.

It cannot be said as a matter of law under the record here that plaintiff was guilty of contributory negligence. She had a right to leave her seat and go to the front of the bus preparatory to alighting. The record shows that there was a jury question as to whether she took reasonable precautions for her safety while waiting for the bus to stop.

Reversed and remanded for a new trial, with costs to plaintiffs.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.  WIEST, J., did not sit.