BURKE v. ENDERS.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    On appeal from directed verdict for defendant, testimony adduced on the trial is viewed in the light most favorable to plaintiff.

2. CARRIERS—BUSSES—SUDDEN STOPPING—NEGLIGENCE.
    The mere sudden stopping of a passenger bus in a street intersection is not alone sufficient evidence of negligence to take a case to the jury on such issue as such a happening is a usual and ordinary incident to be expected in such type of transportation.

3. SAME—BUSSES—SUDDEN STOPPING—INTERSECTIONS—NEGLIGENCE —EVIDENCE.

Administrator of estate of passenger of bus, transporting people between two cities, who was thrown from seat so as to land on her back on floor of bus as it was suddenly stopped near or in a city street intersection did not establish negligence on part of defendant sufficiently to take case to jury merely by showing such sudden stopping.

4. EVIDENCE—RES GESTAE.

In administrator's action to recover for injuries, alleged to have been the proximate cause of the death of his decedent, received when decedent was thrown from bus seat so as to land on her back on floor of bus as it was suddenly stopped at an intersection of city streets, testimony of decedent's 15-year-old son as to statement made to bus driver by his mother as they left bus some five minutes later, which could contain nothing but a self-serving declaration, was properly rejected since it was no part of the *res gestae.*

Appeal from Berrien; Evans (Fremont), J. Submitted April 9, 1943. (Docket No. 45, Calendar No. 42,343.) Decided May 18, 1943.

Case by Frank Burke, administrator of the estate of Leora Burke, deceased, against Vern Enders, doing business as Twin City Motor Coach Lines, for injuries received by decedent while riding in defendant's bus, allegedly causing her death. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Arthur E. Leckner* (*Charles W. Gore,* of counsel), for plaintiff.

*J. T. Hammond,* for defendant.

CHANDLER, J. This is an appeal from a judgment entered in favor of defendant by the circuit court for the county of Berrien, after the trial court had directed a verdict for said defendant and against

plaintiff of no cause of action at the close of plaintiff's proof.

The reasons assigned by defendant in his motion for directed verdict were as follows:

"First: There has been no proof of negligence on the part of the defendant or defendant's driver which was the proximate cause of any damages shown.

"Second: That if the court should find there is proof of negligence, there is no proof in this record that the damage sustained was a result of the injury."

The trial court reviewed the second reason assigned but did not deem it necessary or advisable to pass upon its merits in view of his determination that plaintiff's case must fall because of total absence of proof of negligence on the part of defendant.

To determine whether or not the conclusion reached by the trial court was erroneous we must view the testimony adduced on the trial in the light most favorable to plaintiff. We therefore adopt the statement of facts contained in appellant's brief as correct. It is as follows:

"Plaintiff's decedent, Leora Burke, a heavy-set woman weighing 240 pounds and 41 years of age, entered a city bus operated by the defendant between St. Joseph and Benton Harbor on December 29, 1941. She had transacted some business in the probate court in St. Joseph, and about 3:30 or 4:00 o'clock in the afternoon took the bus at the corner nearest the courthouse in St. Joseph. The bus proceeded along the regular route on Main street until it reached the intersection of 12th and Main streets (about half way between Benton Harbor and St. Joseph) where a traffic signal was maintained by the city of Benton Harbor. The decedent

was seated on the last seat of the bus with her son, a boy 15 years of age. This back seat ran across the entire width at the rear of the bus. There is no evidence as to whether the traffic light was changing or whether it was red or green. When the bus was near or in the intersection, an automobile approached from the right. At a time when the other vehicle appeared to be ''about the middle of it,'' the bus driver slammed on the brakes causing his vehicle to stop suddenly and as a result pitched plaintiff's decedent from her seat in the rear of the bus headlong to the floor.

''The evidence shows that plaintiff's decedent attempted to arrest her fall by grasping a seat handle. This caused her body to turn so that she struck the floor on her back and the back of her head. She complained of a pain in her head but arose and resumed her seat.

''When the bus reached the intersection of Main and Pipestone streets in Benton Harbor, plaintiff's decedent alighted with her son and at that time spoke to the driver. The boy then proceeded to a Boy Scout meeting and Mrs. Burke went home. Until on or about January 22, 1942, she complained of pains in her head and back. On or about January 15th, plaintiff's decedent was confined to her bed and Drs. Brown, Rein and Stocker, the latter an osteopath, were summoned. She was removed to St. Joseph sanitarium on February 22, 1942, where she expired about an hour after admittance. Plaintiff's decedent suffered a ''stroke'' on or about January 15th while in her home. She was more or less delirious on February 20th and 21st and on the 21st lapsed into a coma. Cause of death defined as cerebral embolism.''

We have reviewed carefully the charge of the trial court in directing a verdict for defendant as well as the briefs of the respective parties litigant and the authorities cited and relied upon by them, and being in accord with the conclusions reached by

the trial court we adopt the following from the opinion of the trial court as being determinative of the issue here involved:

"In my opinion there is no evidence sufficient to carry to the jury the question of defendant's negligence, save only the bald fact of the sudden stopping of the bus.

"This case does not fall within those cases having to do with a passenger thrown while attempting to enter or leave a street car or bus. Nor does it fall in that class of cases where the transporting bus is transporting persons between separated communities.

"*Longfellow* v. *City of Detroit*, 302 Mich. 542, applied the street-car rule to intercity buses, and in my opinion that case is strikingly in point.

"There the court recognized the rule of *Bogart* v. *City of Detroit*, 252 Mich. 534, as applied to street cars, and said of it and the line of cases preceding it, as follows:

"'In substance they hold that the mere sudden starting or stopping of a street car is not alone (and I emphasize the word ALONE) sufficient evidence of negligence to take a case to the jury, and that such happenings are the usual and ordinary incidents to be expected in this type of transportation.'

"True, in the recent *Longfellow Case* the court held plaintiff was entitled to go to the jury, but that was only because that case contained evidence of negligence other than and in addition to the mere stopping. In that case it appeared that the vehicle was being operated in a business section of the city at a rate of speed in excess of that legally permitted, which of course was sufficient to take the case to the jury.

"Had there not been separate evidence of negligence in the *Longfellow Case* (that of excessive speed) the action of the trial court in directing a verdict would have been affirmed.

"In the instant case there is no evidence of negligence other than the bald fact of the sudden stopping. There is no evidence the bus driver was engaged in running a forbidden light or that a forbidden light was showing. The only other fact other than the sudden stopping is that another vehicle was entering the intersection from one side or the other on an intersection street. That would be Twelfth at the intersection of Main and Twelfth. It does not appear from which side it entered or at what rate of speed, or how near it was to the intersection or the approaching bus. No fact appears as respects that other vehicle upon which the jury could find that the bus driver was negligent unless the jury is to be permitted to speculate as to the existence of such negligence."

We will very briefly discuss the only other question involved in appellant's assignment of errors.

Plaintiff's witness, Darrel Burke, was asked what his mother, plaintiff's decedent, said to the driver of the bus after he and decedent had alighted therefrom at the corner of Main and Pipestone streets which was about five minutes after the accident. Objection to this testimony was interposed by defendant's attorney on the ground that what decedent there said was not a part of the *res gestae,* which objection was sustained by the trial court.

Appellant on this appeal contends, for the first time, that whether or not the trial court was correct in his ruling, it was important that he be given an opportunity to present evidence of an admission of negligence on the part of the driver. No attempt was made to make any such showing. No other or further questions were asked concerning the conversation. The question asked and objected to called for an answer which could contain nothing but a self-serving declaration of decedent, which under the circumstances, as disclosed by the record,

was undeniably no part of the *res gestae*. The trial court did not err in sustaining defendant's objection. Judgment affirmed, with costs to defendant.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.