**134**

**Wealthy BARNETT, Plaintiff,**

v.

**CITY OF DETROIT, a municipal corpora-
tion, Department of Street Rail-
ways, Defendant.**

Civ. A. 13381.

United States District Court,
E. D. Michigan, S. D.

Feb. 28, 1956.

Cornelia Groefsema, James A. Markle,
Detroit, Mich., for plaintiff.

Leo A. Sullivan, Detroit, Mich., Senior
Counsel for Dept. of Street Rys., for de-
fendant.

LEDERLE, Chief Judge.

1. This is an action for recovery of damages for personal injuries sustained by Plaintiff while a passenger on Defendant's streetcar. The Plaintiff is a citizen of Canada, and the Defendant is a citizen of Michigan.

2. On February 16, 1953, at about 10:00 a. m., the Plaintiff, her sister and daughter were waiting at a safety zone on Woodward Avenue for a streetcar. The Plaintiff boarded the car, but the car started forward before her sister and daughter had an opportunity to do likewise. Plaintiff was standing behind the driver of the vehicle, about to get change, when the streetcar started abruptly, throwing her to the floor. As a result of her fall, the Plaintiff sustained injury to her arm and shoulder.

3. The streetcar in question was a modern car of the PPC type. The testimony of an expert witness indicated that these cars operate in much the same manner as an automobile operated by automatic transmission and that it is possible to accelerate them in a smooth manner.

4. The Plaintiff's testimony that the streetcar started with a sudden jerk and her sister's observation that the car started forward suddenly, stand as the only explanation of the Plaintiff's fall and resultant injury. There is no evidence indicating the cause of the sudden start.

5. At the close of the Plaintiff's case, the Defendant moved for a directed verdict of no cause of action claiming that the Plaintiff had failed to establish any negligence on the part of the Defendant. The Court granted the Motion and the Plaintiff made the present Motion for a new trial.

Conclusions of Law

1. Jurisdiction of this Court is based upon diversity of citizenship and jurisdictional amount. Title 28 U.S.C. § 1332.

2. Michigan law is controlling in this case. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

3. In 1892 the Michigan Supreme Court held that a passenger could not recover for damages sustained because of the mere sudden starting or stopping of a horse-drawn streetcar. This rule has been strictly adhered to and applied to electric-driven cars, electric trackless trolleys and motor buses. See: Bradley v. Ft. Wayne & E. Railway Co., 1892, 94 Mich. 35, 53 N.W. 915; Etson v. Fort Wayne & B. I. Ry. Co., 1896, 110 Mich. 494, 68 N.W. 298; Conroy v. Detroit United Ry., 1905, 139 Mich. 173, 102 N.W. 641, 104 N.W. 319; Quick v. Wyandotte & D. R. Ry., 1906, 143 Mich. 443, 107 N.W. 104; Snyder v. Michigan Traction Co., 1908, 154 Mich. 418, 117 N.W. 889; Ottinger v. Detroit United Ry., 1911, 166 Mich. 106, 131 N.W. 528, 34 L.R.A.,N.S., 225; Clifford v. Detroit United Ry., 1921, 216 Mich. 377, 185 N.W. 741; Bogart v. City of Detroit, 1930, 252 Mich. 534, 233 N.W. 406; Selman v. City of Detroit, 1938, 283 Mich. 413, 278 N.W. 112; Zawicky v. Flint Trolley Coach Co., 1939, 288 Mich. 655, 286 N.W. 115; Waterman v. City of Detroit, 1941, 297 Mich. 85, 297 N.W. 81; Sherman v. Flint Trolley Coach, 1943, 304 Mich. 404, 8 N.W.2d 115; Burke v. Enders, 1943, 305 Mich. 270, 9 N.W.2d 537; Russ v. City of Detroit, 1952, 333 Mich. 505, 53 N.W.2d 353.

4. Of course, if there is any evidence of negligence aside from the unexplained sudden stop or start of the motor vehicle, then a question of fact may arise for jury determination. Adelsperger v. City of Detroit, 1929, 248 Mich. 399, 227 N.W. 694; Longfellow v. City of Detroit, 1942, 302 Mich. 542, 5 N.W.2d 457; Routhier v. City of Detroit, 1953, 338 Mich. 449, 61 N.W.2d 593, 40 A.L.R.2d 1114.

5. The Plaintiff has not presented any facts ·for determination which, if true, would justify a jury's conclusion that the Defendant was negligent in any manner cognizable under the law of the State of Michigan. It therefore follows that it was this court's duty to direct a verdict and the Motion for a New Trial must be denied.